**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS FAINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CV-0667-CVE-FHM |
| ) | |
| RANDALL WORKMAN; et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On September 29, 2003, Plaintiff, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983, against Randall Workman, Larry Rollerson, Charles Stewart, Steve Moles, Joe Keene, Janet Cave, Melinda Guilfoyle, Ron Ward, and Glenda McClary (Dkt. # 1). The complaint is a due process challenge relating to disciplinary proceedings against Plaintiff while he was housed at the Dick Conner Correctional Facility ("DCCC") in the custody of the Oklahoma Department of Corrections ("DOC"). Plaintiff states that all Defendants are employees of the DOC. By Order filed August 15, 2005, Defendants Workman, Keene and Guilfoyle were dismissed without prejudice (Dkt. # 28). Presently before the Court is a motion to dismiss/motion for summary judgment filed on July 8, 2005, by Defendants Rollerson, Stewart, Moles, Cave, Ward, and McClary (Dkt. # 24). Plaintiff filed his response to Defendants' motion on January 19, 2006 (Dkt. # 34). For the reasons discussed below, the Court finds that Defendants' motion to dismiss shall be granted and Plaintiff's complaint shall be dismissed without prejudice.

## *BACKGROUND*

In his complaint, Plaintiff asserts three claims as follows: (1) due process violation in a prison disciplinary proceeding which resulted in a loss of earned credits; (2) due process violation because defendants denied him a meaningful opportunity to be heard and conspired to convict him of a disciplinary charge; and (3) inclusion of false information in Plaintiff's files (Dkt. # 1). Plaintiff alleges that Defendants denied him due process in prison disciplinary proceedings held as a result of a fight and stabbing at DCCC the week of September 23-25, 2001, and wrongfully punished him after a finding of guilt on the misconduct charge of "Group Disruption." Id. Plaintiff claims he is "actually and factually innocent" of the misconduct charge, was denied the right to take a polygraph test to clear his name and prove his innocence, and that the adverse effects of the disciplinary proceeding would affect his bid for parole. Id. According to Plaintiff, Defendants wrongfully revoked 300 earned credits and placed him in disciplinary segregation for thirty (30) days after being found guilty in the disciplinary proceeding. Further, Plaintiff was transferred to a higher security facility based upon "false" information placed in his file following the September, 2001, incident and related disciplinary proceedings. As relief, Plaintiff seeks declaratory relief, injunctive relief, and compensatory relief in the amount of $15,000 from each defendant. Additionally, he asks that his files and record be purged of the "false" information (Dkt. # 1 at 12). Plaintiff states he has exhausted administrative remedies for all claims. Id.

Defendants have filed their motion to dismiss/motion for summary judgment on the following grounds: (1) statutory limitations bar on all claims arising prior to September 29, 2001; (2) doctrine of collateral estoppel bars Plaintiff from bringing these claims as the same issues have been raised in state court litigation; (3) Plaintiff's claims are subject to dismissal under Heck v.

Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997); (4) Plaintiff's claims are without merit; (5) Defendants are entitled to qualified immunity; and (6) Defendants, in their official capacity, are entitled to Eleventh Amendment immunity (Dkt. # 24). Because the Court finds that Plaintiff's claims are subject to dismissal under Heck, it will be unnecessary to address the remaining grounds raised by Defendants.

## *ANALYSIS*

Under Oklahoma law, a state prisoner has a liberty interest in properly earned good-time credits, and he is entitled to due process protection prior to the loss of those credits. Waldon v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993); see also Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (holding that when state provides right to good time and specifies method of forfeiture, inmate has constitutionally-protected liberty interest entitling him to procedures designed to ensure that the state-created right is not "arbitrarily abrogated"). However, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). This rule of law applies not only when the prisoner challenges the result of a conviction or sentence as a substantive matter, but also when he challenges the procedures involved in reaching the result. Id. at 645. In Edwards, similar to the case at hand, the inmate complained of procedural defects in prison disciplinary proceedings which resulted in loss of good time credit previously earned by the inmate toward his release. Id. at 646. The Supreme Court held that the procedural defect complained of by the inmate, if established, would necessarily imply the invalidity of the deprivation of his good-time credits and

3

was not cognizable under § 1983. Id. at 648. Further, the Tenth Circuit Court of Appeals has applied Heck to bar 42 U.S.C. §§ 1983 and 1985 claims seeking declaratory and injunctive relief. See Lawson v. Engleman, 67 Fed.Appx. 524, 525-26, 526 n. 2 (10th Cir.2003) (unpublished opinion). Habeas corpus provides the exclusive means for prisoners to attack the fact or duration of their confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002). Heck and Balisok, taken together, "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74 (2005).

In this case, Plaintiff asserts entitlement to money damages, injunctive and declaratory relief, and expungement of records based on Defendants' allegedly improper use of DOC policy to affect his earned credits, placement in a higher security facility, and chance for parole without being afforded due process. Clearly, entry of judgment in favor of Plaintiff would necessarily imply the invalidity of the DOC misconduct proceedings and the resulting effect on the duration of Plaintiff's confinement. However, Plaintiff has not demonstrated that the finding of misconduct has been invalidated by either an Oklahoma state court or by a federal habeas corpus court. Because Plaintiff has not demonstrated that the DOC's finding of misconduct has been invalidated by either the state courts of Oklahoma or by a federal habeas corpus court, Plaintiff's claims against the DOC Defendants have not yet accrued and shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. See Heck, 512 U.S. at 489-90. Plaintiff may file another 42 U.S.C. § 1983 complaint in the event the finding of misconduct is invalidated.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The motion to dismiss filed by Defendants Larry Rollerson, Charles Stewart, Steve Moles, Janet Cave, Ron Ward, and Glenda McClary (Dkt. # 24) is **granted**.

2. Defendants' motion for summary judgment (Dkt. # 24) is **declared moot**.

3. Plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** based on Heck v. Humphrey, 512 U.S. 477 (1994).

4. A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 22nd day of February, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT